IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JESSIE C. ROUX                                                                    PLAINTIFF

           v.                          Civil No. 12-2170

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                    DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Jessie Roux, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

The Plaintiff filed his application for DIB in March 2010, alleging an amended onset date of October 1, 2009, due to Sjorgen's, fibromyalgia, chronic pain, bilateral carpal tunnel syndrome, high blood pressure, migraines, arthritis, scoliosis, and sciatica. Tr. 80, 209-210, 246, 266-267. Her claims were denied both initially and upon reconsideration. Tr.131, 135. An administrative hearing was then held on February 22, 2011. Tr. 65-126. Plaintiff was present and represented by counsel.

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

AO72A
(Rev. 8/82)

At the time of the hearing, Plaintiff was 48 years of age and possessed a high school education with college certificates in welding, auto body pain and repair, and business technology. Tr. 69-71, 247. She had previously worked as a life skills trainer, housekeeper, poultry grader, and inspector. Tr. 72-80, 233, 248, 258-265.

On May 26, 2011, the Administrative Law Judge ("ALJ") concluded that, although severe, Plaintiff's degenerative joint disease ("DJD") of the left knee, degenerative disk/joint disease of the lumbar spine, fibromyalgia, bilateral carpal tunnel syndrome ("CTS"), headaches, obesity, and mood disorder did not meet or equal any Appendix 1 listing. Tr. 49-53. The ALJ determined that Plaintiff maintained the residual functional capacity ("RFC") to

> perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant is able to only occasionally climb, balance, stoop, kneel, crouch and crawl and is unable to perform rapid repetitive flexion and extension of the wrists bilaterally. She must avoid concentrated exposure to hazards with no driving as a part of work. Non-exertionally, the claimant is able to perform work where interpersonal contact is routine but superficial, the complexity of tasks is learned by experience with several variables and judgment within limits, and the supervision required is little for routine work but detailed for non-routine work.

Tr. 53. With the assistance of a vocational expert, the ALJ then found that Plaintiff could perform work as an inspector, checker, examiner, assembler, and addressing clerk. Tr. 58-59..

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on June 29, 2012. Tr. 1-4. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. Both parties have filed appeal briefs, and the case is now ready for decision. ECF No. 7, 9.

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary.

## II.   Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If we find it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, we must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by

3

medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

### A.     The Evaluation Process:

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.    Discussion:

Of particular concern to the undersigned is the ALJ's failure to properly consider Plaintiff's bilateral CTS in his RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones*

AO72A
(Rev. 8/82)

*v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

In the present case, the evidence reveals that Plaintiff suffered from bilateral CTS. 549, 550, 553. Nerve conduction studies conducted in April 2008 confirmed this diagnosis, and Plaintiff underwent physical therapy to no avail. Tr. 456-458. Ultimately, Dr. Robert May recommended that she undergo bilateral CTS release. The ALJ concluded that Plaintiff would be unable to perform rapid repetitive flexion and extension of the wrists bilaterally. We note, however, that individuals suffering from CTS should also be restricted with regard to grasping with the hands, including typing, cutting, sewing, playing a musical instrument, overuse of small hand tools, and use of vibrating tools, as these tasks contribute to the development of CTS. *See* PHYSICIAN'S DESK REFERENCE, *Carpal Tunnel Syndrome*, http://www.pdrhealth.com/diseases/carpal-tunnel-syndrome (Last accessed February 25, 2013). And, it seems reasonable that these activities could also aggravate existing CTS.

5

We also note that the positions identified by the vocational expert as positions available to someone with Plaintiff's RFC would require the Plaintiff to repetitively finger and grasp. It is clear to the undersigned that the Plaintiff would be unable to perform work as a lamp shade assembler, compact assembler, fishing reel assembler, and addressing clerk. Accordingly, believe remand is necessary to allow the ALJ to reassess the limitations imposed by Plaintiff's CTS, and to recall the vocational expert to identify positions Plaintiff can actually perform with her limitations.

**IV.     Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 4th day of September 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)